```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
STRIKE 3 HOLDINGS, LLC.,                                      :
                                    Plaintiff,                :    20 Civ. 10740 (LGS)
                                                              :
              -against-                                       :    ORDER
                                                              :
JOHN DOE, subscriber assigned IP address                      :
70.18.16.134,                                                 :
                                    Defendant.                :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff has moved for expedited discovery to identify the John Doe Defendant in this case. Plaintiff seeks to serve a subpoena on third party Verizon Internet Services ("Verizon") in order to ascertain Defendant's identity.

WHEREAS, Plaintiff has satisfied the requirements for leave to serve a third-party subpoena on an expedited basis. When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, No. 19 Civ. 5818, 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019) (quoting *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. Jan. 30 2012 )); *see Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005). Applying that standard confirms that Plaintiff is entitled to a subpoena. Plaintiff seeks Defendant's "name and address." Without this discovery, Plaintiff appears unable to ascertain the identity of Defendant or to effect service on him. It is hereby

**ORDERED** that Plaintiff may serve Verizon with a Rule 45 subpoena seeking only the name and address of Defendant. Plaintiff may not subpoena Verizon for Defendant's email address, telephone number or any other information. It is further

**ORDERED** that any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purpose of obtaining sufficient information to identify and serve Defendant.  It is further

**ORDERED** that by **January 11, 2021**, Plaintiff shall serve a copy of this Order and the subpoena on Verizon and file an affidavit of service.  It is further

**ORDERED** that Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any Internet service provider ("ISP") that is identified in response to a subpoena as a provider of Internet services to Defendant.  If such ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

then the ISP shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to Defendant

The requirement to file a pre-motion letter per Individual Rule III.A.1 is waived.  The Clerk of Court is respectfully directed to close the docket entry at #6.

Dated:  December 29, 2020
         New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**