THE JAMES LAW FIRM
445 HAMILTON AVENUE
SUITE 1102
WHITE PLAINS, NY 10601

The application is GRANTED.  The initial pre-trial conference scheduled for **February 25, 2021, at 11:00 a.m.**, is **adjourned** sine die.  Within **thirty days** of the date of this Order, and every **thirty days** thereafter, Plaintiff shall file a status letter apprising the Court of its efforts to identify the John Doe Defendant.  Within **two business days** of learning the identity of the John Doe Defendant, Plaintiff shall notify the Court via status letter.

SO ORDERED

Dated:  February 22, 2021
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

The Honorable Judge Lorna G. Schofield
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*Re: Strike 3 Holdings, LLC v. Doe, 1:20-cv-10740-LGS*
*Response to Order to Show Cause and Request for Adjournment of Pre-trial Conference Scheduled for February 25, 2021*

Dear Judge Schofield:

The James Law Firm represents Plaintiff in the above-captioned matter.  Strike 3 Holdings, LLC ("Strike 3") filed its Complaint against an unknown infringer on December 20, 2020, [CM/ECF 1], followed by a motion requesting authorization to issue an early subpoena on Verizon Internet Service ("Verizon") for the identity and address of the subscriber to IP address 70.18.16.134.  [CM/ECF 6–7].  The Court granted that motion on December 30, 2020, [CM/ECF 9], and Strike 3 served Verizon with the subpoena and the Court's order via email and certified mail on Monday, January 4, 2021.  [CM/ECF 10].

The return date for that subpoena was set for Friday, March 5, 2021, sixty-days from the date of service.  *See* Exhibit "A" attached hereto.[1]  This timeline was set at the request of Verizon to reduce the burden of compliance due to the various disruptions to personnel and services caused by the COVID-19 pandemic.  As a result, the subscriber's identity remains unknown at this time, and Strike 3 has been unable to investigate the subscriber's or any other third-party's connection to the infringement.  Additionally, although the defendant has presumably been notified by Verizon about the pending subpoena, to the best of Strike 3's knowledge, the defendant has not yet retained counsel or attempted to communicate with Strike 3 in any manner.  Hence, Strike 3 is currently unable to confer with the defendant about the joint letter and proposed case management plan, *see* Ind. R. IV.2., or a Rule 26(f) conference.

Once Strike 3 receives Verizon's response, it will promptly investigate that information and act diligently to update the Court of the status of its claim.  To that end, Strike 3 respectfully requests the Court adjourn the pre-trial conference currently set for Thursday, February 25 until Strike 3 amends and serves its complaint in this matter.

---

[1] Although the Court also authorized Strike 3 to issue subpoenas "on any Internet service provider ("ISP") that is identified in response to a subpoena as a provider of Internet services to Defendant," [CM/ECF 8, at 2], it has only served the one subpoena in this matter.  The American Registry for Internet Numbers indicates that Verizon maintains and administers the account for IP address 70.18.16.134, https://search.arin.net/rdap/?query=70.18.16.134, and Verizon has not indicated that it does not possess the relevant information.